# EXHIBIT A

COPY

DANIEL M. HORRIGAN     ORIGINAL

2008 JUN -3 PM 2:43

SUMMIT COUNTY
CLERK OF COURTS

### IN THE COURT OF COMMON PLEAS
### SUMMIT COUNTY, OHIO

2008-06 4179

|  |  |  |
|---|---|---|
| **WILLIAM PATSY** | ) | CASE NO. _____ |
| **3632 ROCK DRIVE, S.W.,** | ) |  |
| **LORDSTOWN, OHIO 44481,** | ) | ASSIGNED TO JUDGE GIPPIN |
|  | ) | JUDGE _____ |
| **Plaintiff,** | ) |  |
|  | ) | **COMPLAINT** |
| **BANK OF AMERICA CORP., fka** | ) | **(Type: Other Civil;** |
| **MBNA TELEMARKETING,** | ) | **Employment** |
| **388 SOUTH MAIN STREET,** | ) | **Discrimination and** |
| **AKRON, OHIO 44308** | ) | **Wrongful Discharge;** |
|  | ) | **Jury Demand Indorsed** |
|  | ) | **Hereon.)** |
| **Defendant.** | ) |  |

Plaintiff, for his several causes of action and claims for relief against defendant,

jointly and severally, avers, as of all times pertinent, the following matters and things.

### Background and Jurisdiction

1. Plaintiff, a male, born July 7, 1930 (presently 77 years of age), was and is a

    resident of the above address at all relevant times.

2. Defendant Bank of America Corp., at all times relevant, is or was the owner

    and/or successor in interest of the business entity "MBNA Telemarketing,"

    engaged at all relevant times in the telemarketing of credit cards, at the address

    supplied in the caption above; and is hereinafter referred to as "Bank of America

    MBNA."

. COPY

3. Plaintiff was employed as an "Account Manager", by Bank of America MBNA, from approximately October 23, 2003 until his unlawful firing on about March 26, 2006.

4. As an "Account Manager" Plaintiff's essential job function was to make outgoing calls to potential and existing customers, to offer credit card programs.

5. At all relevant times, while employed by defendant, Plaintiff received periodic pay raises and bonuses.

6. At all relevant times, while employed by defendant, Plaintiff had an excellent attendance record.

7. At all relevant times, Plaintiff performed his job fully satisfactorily; and all contrary claims are a pretext for age discrimination.

8. At all relevant times, while employed by defendant, Plaintiff was treated differently and less favorably than substantially younger coworkers and/or coworkers under 40 years of age; and all contrary claims are a pretext for age discrimination.

9. Plaintiff was subjected to false and/or disproportionately harsh and discriminatory disciplinary action, not directed at substantially younger personnel for the same or substantially similar alleged offense.

10. At all relevant times, defendant pressured Plaintiff to quit his job, but Plaintiff refused to resign.

11. On or about March 26, 2006, defendant demanded that Plaintiff resign his employment; and Plaintiff refused.

12. When Plaintiff refused to resign his employment, defendant fired Plaintiff.

2

. COPY

13. Plaintiff's termination was motivated, at least in part, by his age.

14. Plaintiff's status as a person more than seventy (70) years of age was well known and frequently discussed in defendant's workplace.

15. Plaintiff was replaced by, and/or his termination permitted the retention of persons outside his protected class status.

16. At all relevant times, Plaintiff was unaware of any existing policy or procedure for reporting or redressing workplace discrimination, or other possible violations of law, maintained or enforced by defendants.

17. The defendant corporate employer was and is an employer within the meaning of the Ohio Civil Rights Act ("OCRA"), Ohio Revised Code §4112.01(A)(2).

18. The defendant engaged in patterns or practices of employment discrimination, violative of R.C. 4112.02(A) of the OCRA, and of the provisions of the Ohio Administrative Code ("OAC") promulgated thereunder, against plaintiff and other persons similarly situated.

19. The defendants discriminated against plaintiff, in violation of R.C. 4112, the OCRA and related provisions of the OAC, , in the terms and conditions of plaintiff's employment, including disparate performance standards, non-retention and firing, because of: plaintiff's age.

20. This Court has jurisdiction over plaintiff's employment discrimination claims under the OCRA by virtue of R.C. 4112.14 and/or 4112.99.

21. This Court has plenary jurisdiction over plaintiff's Ohio common-law claims by virtue of Section 4, Article IV, Ohio Constitution and R.C. 2305.01.

**Count I (OCRA Violations)**

3

. COPY

22. All relevant, material and pertinent foregoing averments are reiterated.

23. By reason of the foregoing acts and omissions of age and/or handicap discrimination and/or retaliation by the defendants in violation of the OCRA and OAC, plaintiff has suffered damages in indeterminate sums to be proven at trial in terms of: loss of salary or wages plus value of fringe benefits to date of trial ("Back Pay") and thereafter ("Front Pay"); mental anguish and emotional distress (requiring care and treatment), humiliation and disparagement of reputation, diminution, and/or impairment of future earning capacity and general loss of enjoyment of life, all warranting further or general compensation ("Compensatory Damages"); and punitive or exemplary damages ("Punitive Damages"), which ought to be awarded by reason of the deliberate, intentional, willful, wanton, malicious and/or reckless violations of the OCRA and OAC by the defendants.

WHEREFORE, plaintiff demands:

A. Trial by jury on all Counts and issues of law, followed by bench trial to the Court on remaining issues of equity, if any;

B. Judgment for plaintiff and against defendant, on all Counts, for an amount in excess of $25,000 for said sums of Back and Front Pay and Compensatory and Punitive Damages, plus an award of reasonable attorneys' fees on any Punitive Damages award;

C. Judgment for pre-judgment interest on any and all damage awards, plus costs; and

4

. COPY

**D.** Such other and further relief and redress as is just and equitable under the

circumstances.

Respectfully submitted,

Nancy Holland Myers #0037964
John R. Myers #0032779
815 Key Building
Akron, Ohio 44308
(330) 535-1202
Attorneys for Plaintiff

5